UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

Cheryl Shockley,            No. 2024-CV-_____

       Plaintiff,

vs.

Ascend Loans, LLC,
     d/b/a Ascend Loans,

Aaniiih Nakoda Finance, LLC
      d/b/a Bright Lending,

Eagle Valley Ventures
     d/b/a Eagle Valley Lending, a wholly-owned and operated entity, arm, and instrumentality
     of Tonto Apache Growth, a wholly-owned instrumentality of the Tonto Apache Tribe,

Green Arrow Solutions, LLC,
     d/b/a Green Arrow Loans, a tribal enterprise, wholly owned and operated by the Big Valley
     Band of Pomo Indians,

Waawaatesi LLC,
     d/b/a Green Line Loans, Lac Du Flambeau Band of Chippewa Indians,

Layma, LLC,
     d/b/a Little Lake Lending,

Benhti Economic Development Corporation,
     d/b/a Minto Money, and Minto Financial,

W6LS, Inc.,
     d/b/a WithU Loans,
     a wholly-owned and operated entity, arm, and instrumentality of the Otoe-Missouria Tribe
     of Indians, and

Rosebud Lending,
    d/b/a Zocal Loans,
    a wholly-owned and operated instrumentality of the Rosebud Sioux Tribe of Indians,

        Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. INTRODUCTION

1. This is an action brought by Cheryl Shockley ("Shockley") seeking redress for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ( "FCRA"), committed by the defendants listed above.

2. As alleged and discussed below, substantial amounts of Shockley's non public personal identifying information ("PII"), and substantial amounts of her non public personal financial information ("PFI"), has been obtained by each of the above defendants without Shockley's express permission, and has subsequently been disclosed to, marketed to, and sold to various lenders and to others, by each defendant without Shockley's express permission, and contrary to state and federal law.

3. As alleged and discussed below, each defendant has assembled Shockley's non public PII and PFI into a "consumer file" as defined by the FCRA, or "credit report" in common usage.

4. As alleged and discussed below, each defendant has acted as a "consumer reporting agency" as defined by the FCRA, or "credit bureau" in common usage, when each defendant disclosed, market and or sold Shockley's non public PII and PFI to various potential lenders and to other third parties.

5. Shockley seeks recovery of her actual damages, statutory and punitive damages as allowed by law, and her reasonably incurred costs and attorney fees.

## II.  JURISDICTION

6. This court has **subject matter jurisdiction** over Shockley's claims, under 15 U.S.C. §1681p (FCRA jurisdiction).

7. Each defendant is subject to **personal jurisdiction** in Wisconsin courts including this court. At all material times each defendant directed its tortious and illegal conduct towards Wisconsin residents including Shockley. At all material times each defendant unlawfully obtained information about Wisconsin residents including Shockley. At all material times each defendant knowingly caused losses, damages, and injuries to Wisconsin residents including Shockley. At all material times each defendant engaged in substantial business activities within Wisconsin including making loans and attempting to broker loans to Wisconsin residents including Shockley, and also selling the PII and PFI of Wisconsin residents to third parties. At all material times each defendant engaged in the solicitation of Wisconsin residents for loans and loan brokering services, including Shockley.

8. *Venue* in this court is appropriate under 28 U.S.C. §1391 (general venue), as a substantial part of the acts, errors and omissions leading to the harm suffered and giving rise to the claims asserted by Shockley, arose in this district, and is in any event is the district designated by Shockley.

## III.  PARTIES

**<u>Cheryl Shockley</u>**

9.  Plaintiff Cheryl Shockley is an individual residing in Douglas County, Wisconsin.

10. While Shockley is of normal intelligence, she lacks advanced sophistication in the specific businesses of high interest loan lead generation, high interest loan marketing, high interest loan brokering, and credit reporting.

11. Shockley was and is a "consumer" as defined by 15 U.S.C. § 1681a( c ).

**<u>Defendants</u>**

12. Each defendant is a company or other entity incorporated under non Wisconsin law.

13. No defendant is qualified to conduct business in Wisconsin, or to conduct business with Wisconsin residents.

14. Each defendant obtains credit reports of Wisconsin consumers, regularly arranges or brokers consumer loans made at high interest to high interest lenders, and receives payment for arranging or brokering those loans.

15. Each defendant regularly sells leads of and to Wisconsin consumers interested in high interest loans, to potential high interest lenders, and receives payment from these lenders for the sale of these leads.

16. Each defendant regularly sells leads of and to Wisconsin consumers interested in high interest loans, to other persons, and receives payment from these persons for the sale of these leads.

17. Each defendant regularly purchases leads of and to Wisconsin consumers interested in high interest loans, from licensed and unlicensed loan brokers, from lenders, and from others.

18. These leads all contain Shockley's non public PII, PFI, credit report information and credit scores.

19. Each defendant is a sophisticated business, operating throughout the United States including in Wisconsin.

20. No defendant is licensed by the Wisconsin Department of Financial Institutions to make loans to Wisconsin residents, per Wis. Stat. §§ 138.09 & .14.

21. No defendant is licensed by the Wisconsin Department of Financial Institutions to broker loans to Wisconsin residents, per Wis. Stat. § 422.502.

22. Each defendant was and is a "person" as defined by the FCRA, 15 U.SC. § 1681a(b), and is restricted by the FCRA as to its acquisition, safeguarding, dissemination, and eventual destruction of information from credit reports, including any credit report regarding Shockley.

23. Because each defendant regularly arranges, brokers or obtains consumer loans for Wisconsin consumers made at high interest, each is a credit services organization ("CSO") as defined by Wis. Stat. § 425.501(2)(a).

24. Per the "Terms of Use" or other similar section of each defendant's respective website, each defendant acknowledges that it regularly arranges or obtains consumer loans for those who apply for credit.

25. Per the contracts it signs with other persons, each defendant acknowledges that it regularly arranges or obtains consumer loans for those who apply for credit.

26. Each defendant was formerly immune from suits under consumer protection laws, per binding 7th Circuit precedent. *Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818, 827 (7th Cir. 2016)(under the FCRA, "The Tribe has sovereign immunity ...").

27. However, this immunity to law suits under the FCRA and other consumer protection statutes was abrogated last fall, when the decision in *Lac du Flambeau Band of Lake Superior Chippewa Indians*, 143 S. Ct. 1689 (U.S. Cheryl 15, 2023) became final. See also *Department of Ag. Rural Dev. v. Kirtz,* 144 S. Ct. 457 (U.S. Feb. 8, 2024)(Governmental units not immune to claims under the FCRA). This change in binding precedent acts as an equitable estoppel thus tolling the running of the FCRA's statute of limitation as to Shockley's claims.

28. Each defendant is liable for the acts of its employees, agents, and independent contractors under theories of respondeat superior, agency, and vicarious liability.

29. As businesses conducting their affairs within the United States generally, and Wisconsin specifically, each defendant at all times is deemed to know what is lawful and what is unlawful under US and Wisconsin law. *Barlow v. United* States, 8 L. Ed. 728 (1833)("ignorance of the law will not excuse any person, either civilly or criminally"); *Atkins v. Parker,* 472 U.S. 115, 130 (1985)("all citizens are presumptively charged with knowledge of the law"); *Putnam v. Time Warner Cable of Southeastern Wisconsin, LP,* 2002 WI 108, ¶ 13 & footnote 4, 255 Wis.2d 447, 458 (Wis. 2002)("Wisconsin has adopted the mistake of law doctrine").

## IV. FACTUAL ALLEGATIONS

**Claims of Cheryl Shockley**

30. When Cheryl Shockley obtained her February 26, 2024 Clarity consumer credit report and file, she learned that each defendant had separately accessed her Clarity consumer credit reports and files multiple times

31. Ascend Loans accessed the Clarity report on July 28, 2022.

32. Bright Lending accessed the Clarity report on July 10, 2019.

33. Eagle Valley Lending accessed the Clarity report 4 times between September 25, 2020 and July 27, 2022.

34. Green Arrow Loans accessed the Clarity report on August 26, 2019.

35. Green Line Loans accessed the Clarity report on November 5, 2019.

36. Little Lake Lending accessed the Clarity report on July 27, 2022.

37. Minto Money accessed the Clarity report 5 times between August 26, 2019 and July 27, 2022.

38. WithU Loans accessed the Clarity report 2 times on July 27, 2022.

39. Zocal Loans accessed the Clarity report 5 times between August 21, 2019 and July 27, 2022.

40. The information assembled by Clarity about Shockley constitutes a "consumer report" under the FCRA, as the information is used for and bears "on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation personal characteristics or mode of living ..." 15 U.S.C. § 1681a(d)(1).

41. The information assembled by Clarity about Shockley constitutes a "consumer report" under the FCRA, as the information is assembled and is used "for the purpose of furnishing consumer reports to third parties ..." 15 U.S.C. § 1681a(d)(1).

42. The information about Cheryl Shockley, held by and released by Clarity to Cheryl Shockley, constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

43. The information about Cheryl Shockley, requested by and obtained by various entities including defendants, constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

44. Clarity is a "consumer reporting agency" under the FCRA, as "for monetary fees" Clarity "regularly engages in ... the practice of assembling or evaluating consumer credit information or other information on consumers ..." 15 U.S.C. § 1681a(f).

45. Clarity create, generate and produce consumer credit reports and files on a regular basis, and derive the information in these reports and files from large amounts of information it collects and maintains on individuals like Cheryl Shockley in a data base called a consumer file.

46. For example, the consumer credit reports and files produced by Clarity reports runs to 15 plus pages, and is full of vast amounts of personal identifiable information ("PII") and personal financial information ("PFI"), including but not limited to her name, address, and social security number, her credit score as compiled by Clarity, as well as her financial transaction history.

47. Shockley has never applied for credit with any defendant, nor has Shockley ever authorized any defendant to access, download, obtain or view her Clarity consumer credit report and file.

48. Shockley has never authorized any defendant to access, download, obtain or view her consumer credit report and file as maintained by any other consumer reporting agency.

49. Each time each defendant accessed Cheryl Shockley's Clarity consumer credit report and file, it obtained large amounts of her personal identifiable information ("PII") and personal financial information ("PFI"), including but not limited to her name, address, and social security number, as well as her credit score and financial transaction history.

50. Each defendant accessed and then redislosed, shared, sold on, or bartered Cheryl Shockley's Clarity consumer credit report and file to third parties, transferring large amounts of her personal identifiable information ("PII") and personal financial information ("PFI"), including but not limited to her name, address, and social security number, as well as her credit score and financial transaction history.

51. All defendants are required by state and federal law including the FCRA to adopt and maintain procedures designed to both protect consumer credit information and to limit its obtainment as well as its dissemination to proper parties.

52. No defendant has adopted nor maintained procedures adequately designed to both protect consumer credit information and to limit its obtainment as well as its dissemination to proper parties.

53. All defendants are prevented by state and federal law including the FCRA from releasing Cheryl Shockley's consumer credit report and file to third parties absent a permissible purpose under the FCRA, 15 U.S.C. §§ 1681b(a)(1 through 6) and (f).

54. None of the circumstances listed in 15 U.S.C. § 1681b(a)(1 through 6) are present here, as, there is no "credit transaction" or "credit application" initiated by Cheryl Shockley, and no "business transaction" was initiated by Cheryl Shockley.

55. The initiation of a "credit transaction" or "credit application" or "business transaction" by a third party is not a permissible purpose under the FCRA.

56. All defendants are required by the FCRA to adopt and maintain procedures designed to limit and restrict its access to consumer credit information, except where a permissible purpose to access the information exists. 15 U.S.C. § 1681b(f).

57. The referenced inquiries have become a permanent component of Cheryl Shockley's credit report and file and is reported to those who ask to review the credit history of Cheryl Shockley.

58. Each defendant agreed and represented in its agreements with the various credit reporting agencies that each would request and use consumer reports and files which were obtained from said agencies only for purposes which are lawful under the FCRA as defined under §1681b.

59. Each defendant was and is required by §§ 1681b, 1681n, and 1681q to refrain from obtaining consumer reports and files and files from credit reporting agencies under false pretenses, or without a legal basis.

60. At no time material hereto did Cheryl Shockley ever have a relationship with any defendant of the kind specified under §1681b(a)(3)(A) - (F).

61. Cheryl Shockley has never given written instructions to any defendant to access, download, obtain, review and/or release to a third party a consumer report and file of which Shockley was the subject.

62. No defendant has ever been ordered by a court of competent jurisdiction to obtain or release a copy of Cheryl Shockley's consumer credit report and file pursuant to § 1681b(1).

63. All defendants have an affirmative duty to follow reasonable procedures, including those that would prevent the impermissible accessing of consumer credit reports and files.

64. Reasonable procedures for users include restricting the ability of each defendants agents, contractors, and employees to obtain or release consumer credit report and files on consumers for any impermissible purpose.

65. Ascend Loans illegal, unlawful, and impermissible acquisition, dissemination, and / or redisclosure of Cheryl Shockley's consumer credit report and file violates Cheryl Shockley's privacy rights under state and federal law including the FCRA.

66. Bright Lending's illegal, unlawful, and impermissible acquisition, dissemination, and / or redisclosure of Cheryl Shockley's consumer credit report and file violates Cheryl Shockley's privacy rights under state and federal law including the FCRA.

67. Eagle Valley Lending's illegal, unlawful, and impermissible acquisition, dissemination, and / or redisclosure of Cheryl Shockley's consumer credit report and file violates Cheryl Shockley's privacy rights under state and federal law including the FCRA.

68. Green Arrow Loans' illegal, unlawful, and impermissible acquisition, dissemination, and / or redisclosure of Cheryl Shockley's consumer credit report and file violates Cheryl Shockley's privacy rights under state and federal law including the FCRA.

69. Green Line Loans' illegal, unlawful, and impermissible acquisition, dissemination, and / or redisclosure of Cheryl Shockley's consumer credit report and file violates Cheryl Shockley's privacy rights under state and federal law including the FCRA.

70. Little Lake Lending's illegal, unlawful, and impermissible acquisition, dissemination, and / or redisclosure of Cheryl Shockley's consumer credit report and file violates Cheryl Shockley's privacy rights under state and federal law including the FCRA.

71. Minto Money's illegal, unlawful, and impermissible acquisition, dissemination, and / or redisclosure of Cheryl Shockley's consumer credit report and file violates Cheryl Shockley's privacy rights under state and federal law including the FCRA.

72. WithU Loans' illegal, unlawful, and impermissible acquisition, dissemination, and / or rediscloure of Cheryl Shockley's consumer credit report and file violates Cheryl Shockley's privacy rights under state and federal law including the FCRA.

73. Zocal Loans' illegal, unlawful, and impermissible acquisition, dissemination, and / or rediscloure of Cheryl Shockley's consumer credit report and file violates Cheryl Shockley's privacy rights under state and federal law including the FCRA.

74. Because credit inquiries lower a persons credit score, the actions of each defendant has impaired Cheryl Shockley's future access to credit.

75. Shockley's agent wrote each defendant, asking for the reasons each defendant accessed her Clarity consumer credit reports and files.

76. Each defendant acknowledged receipt of the investigatory letters, but otherwise did not meaningfully respond.

77. As a result of the actions and omissions of each defendant, Cheryl Shockley has suffered damages including emotional distress, loss of privacy, mental anguish, fear, anger, frustration, embarrassment and other damages.

78. The damages Shockley suffered as a result of the actions and omissions of each defendant are directly traceable to the conduct of each defendant, and are likely to be redressed by a favorable decision in this action.

## V.  CAUSES OF ACTION

### COUNT 1.   FAIR CREDIT REPORTING ACT

79. Cheryl Shockley incorporates by reference all the foregoing paragraphs.

80. Each defendant willfully and/or recklesly violated provisions of the Fair Credit Reporting Act.  These violations include, but are not limited to the following:

    (a) Each defendant violated 15 U.S.C. §1681b(f) by willfully or recklessly obtaining multiple copies of Cheryl Shockley's Clarity consumer credit reports and files without a permissible purpose under the FCRA.

    (b) Each defendant violated 15 U.S.C. §1681b(f) by willfully or recklessly disclosing information from Cheryl Shockley's Clarity consumer credit reports and files to third parties without a permissible purpose under the FCRA.

81. As a result of the above violations of the FCRA, each defendant is separately liable to Cheryl Shockley in the sum of Cheryl Shockley's actual damages, statutory punitive damages, costs, disbursements, and reasonable attorney's fees.

## VI.  REQUEST FOR RELIEF

82. **WHEREFORE**, Cheryl Shockley respectfully requests that separate judgments be entered against each defendant awarding her judgment for her:

**Count 1**   (a)   actual damages;

   (b)   statutory damages;

   (c)   punitive damages;

   (d)   costs and reasonable attorney's fees; and

   (e)   such other and further relief as is just and equitable.

## VII.  DEMAND FOR TRIAL BY JURY

83. Cheryl Shockley hereby demands that, to the extent provided by the United States and Wisconsin Constitutions, United States and Wisconsin Statutes, and United States and Wisconsin Common Law, these claims be determined by a jury of her peers.

Dated: June 26, 2024

 s/ Eric Crandall
Eric Leighton Crandall, Esq.
**CRANDALL LAW FIRM, S.C.**
421 West Second Street
PO Box 27
New Richmond, WI 54017
715-243-9996 (p)
715-246-7174 (f)
WisconsinConsumerLaw@frontier.com
Wis. Atty. Lic. No. 1001833

**ATTORNEY FOR PLAINTIFF
CHERYL SHOCKLEY**