IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHERYL SHOCKLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:24-cv-00424 |
| ASCEND LOANS, LLC, et al. | ) ) |
| Defendants. | ) ) |

**DEFENDANT W6LS, INC.'S MOTION FOR
RULE 11 SANCTIONS AGAINST PLAINTIFF**

Defendant W6LS, Inc. ("W6LS"), by and through undersigned counsel, hereby moves this Court pursuant to Federal Rule of Civil Procedure 11 for sanctions against Plaintiff Cheryl Shockley ("Plaintiff") and her counsel for failing to withdraw filings that they know to be false. On December 2, 2024, counsel for W6LS served a copy of this motion on Plaintiff's counsel in accordance with Rules 5 and 11(c)(2).  Plaintiff and her counsel had 21 days after service of the motion to withdraw the falsified documents, but they have refused to do so.  A true and correct copy of the Rule 11 motion and cover letter that were served on Plaintiff's counsel are attached hereto as Exhibit 1. In support of this Motion, W6LS states as follows:

**INTRODUCTION**

On August 27, 2024, Plaintiff filed a purported Proof of Service, asserting that on July 1, 2024, the process server, William Gillum, served the summons and complaint of this lawsuit on W6LS through service on Jimmy Hopper at 7500 US 177, Redrock, Oklahoma 74651. ECF No. 23. The Proof of Service "declare[s] under penalty of perjury" that the information contained therein is true. ECF No. 23. On August 27, 2024, Plaintiff's counsel refused to agree for W6LS to waive service and file any dispositive motion. *See* ECF No. 32-1. Instead, Plaintiff's counsel

unreasonably conditioned any service waiver on W6LS waiving its dispositive motion arguments including sovereign immunity, stating "Your client may have an extension to 9/6 to answer the complaint, which is 45 days after it was first due. If there is no answer filed by then we will note your client's default. There is no extension to file a motion to dismiss or to seek any other relief." *Id.* On September 3, 2024, W6LS filed a Motion to Dismiss for Insufficient Service, Misjoinder, and Sovereign Immunity, disputing the alleged service because Jimmy Hopper was never served with the summons and complaint in this lawsuit, and Plaintiff's Proof of Service is false. ECF No. 32.

On September 24, 2024, Plaintiff filed a Memorandum of Law in Opposition to Defendant Ascend Loans' and WithU Loans' Motions to Dismiss/Sever, stating the "proof of service executed by n [sic] Oklahoma process server states that the summons and complaint was served on July 1, 2024." ECF No. 45, at 9 (the "Opposition"). On October 2, 2024, W6LS filed its Reply in Support of its Motion to Dismiss, asserting that Plaintiff failed to address W6LS' evidence disputing the Proof of Service, including a failure to provide a declaration of the process server asserting proper service. ECF No. 49.

On October 23, 2024, Plaintiff's counsel filed a First Declaration of Counsel and attached Exhibit A—a purported Affidavit of Due Diligence—in the case styled *Craig v. AWL II, Inc. et al.*, Case No. 2024-CV-493-wmc (W.D. Wis. 2024). *See* First Declaration of Counsel and Exhibit A, attached hereto as Exhibit 2. The Affidavit of Due Diligence was allegedly signed in front of a notary by William Gillum, the process server who allegedly completed the Proof of Service for W6LS filed with the Court in this lawsuit. ECF No. 23; Ex. 2. The purported Affidavit of Service states, "In the case of Cheryl Shockley vs. Ascend Loans, LLC, W6LS, Inc., others. case number 3:24-cv-00424. I served the documents to Jimmy Hooper [sic], authorized to accept service for

2

W6LS, Inc. d/b/a WithU Loans on 07/01/2024 at 7500 US 177, Redrock, Oklahoma 74651." *See* Ex. 2, Exhibit A to First Declaration of Counsel, at ¶ 1.

On November 6, 2024, W6LS filed a Reply in Support of its Motion to Dismiss in *Craig v. AWL II Inc. et al.* with a declaration from Mr. Gillum attached explaining that he did not serve the summons or complaint for this lawsuit on W6LS as set forth in the Proof of Service, and he did not prepare or sign the Proof of Service. Declaration of William Gillum, attached hereto as Exhibit 3, at ¶ 3. Neither did Mr. Gillum prepare the Affidavit of Due Diligence submitted by Plaintiff's counsel as an exhibit to the First Declaration of Counsel, sign the purported Affidavit of Due Diligence, or appear before a notary on October 14, 2024, to sign that document. Gillum Declaration, Ex. 3, at ¶ 6. In fact, Mr. Gillum does not complete federal form AO 440 to confirm service, and he did not invoice for services on W6LS. Gillum Declaration, Ex. 3, at ¶¶ 8-9. In other words, Mr. Gillum's alleged signatures on the Proof of Service and Affidavit of Due Diligence were falsified.

Pursuant to Rule 11(b), by submitting and later advocating the Proof of Service, First Declaration of Counsel, and Affidavit of Due Diligence to the Court, Plaintiff's attorney certified that the documents are not "being presented for any improper purpose" and "the factual contentions have evidentiary support[.]" Fed. R. Civ. P. 11(b)(1), (b)(3). Yet, despite the knowledge that the Proof of Service and Affidavit of Due Diligence filed with this Court were falsified, and the First Declaration of Counsel and Opposition contain baseless allegations regarding service on W6LS, Plaintiff's counsel refuses to withdraw the Proof of Service (ECF No. 23), First Declaration of Counsel and the attached Affidavit of Due Diligence (*Craig v. AWL II, Inc. et al.*), or the Memorandum of Law in Opposition to W6LS' Motion to Dismiss (ECF No. 32). The Court should exercise its discretion to impose appropriate sanctions pursuant to Rule 11(c).

**ARGUMENT**

**I.      Legal Standard**

"Rule 11 requires that an attorney or party, certify to the best of his 'knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,' that any pleading presented to the court is not presented for an improper purpose, that the claims therein have a legally sufficient basis, and that the allegations and other factual contentions have evidentiary support." *Jimenez v. Madison Area Tech. College*, 321 F.3d 652, 656 (7th Cir. 2003) (quoting Fed. R. Civ. P. 11(b)). "Rule 11 sanctions—monetary or other penalties assessed against attorneys who violate these requirements—are designed to deter baseless filings, like those presented for an improper purpose." *Mazurek v. Metalcraft of Mayville, Inc.*, 110 F.4th 938, 942 (7th Cir. 2024). "Rule 11 imposes a duty on attorneys to ensure that any papers filed with the court are well-grounded in fact, legally tenable, and not interposed for any improper purpose." *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 721 (7th Cir. 2002).

"An attorney is required to reasonably investigate the truthfulness of statements presented to the court." *Jackson Cnty. Bank v. DuSablon*, No. 1:18-cv-01346, 2020 WL 710705, at *3 (S.D. Ind. Jan. 10, 2020). "Rule 11 subjects a party to potential sanctions if the party continues to insist upon a position or argument after it is 'no longer tenable.'" *In re Meier*, 223 F.R.D. 514, 519 (W.D. Wis. 2004) (sanctions were proper when plaintiff would have realized his position was groundless upon a "full and complete inquiry into whether his claim was fully grounded in fact and existing law"). "[T]he continued advocacy of a baseless claim and refusal to withdraw it in the face of a Rule 11 letter can be grounds for sanctions." *Dempsey v. Nathan*, No. 14 C 0812, 2016 WL 11431197, at *3 (N.D. Ill. Oct. 11, 2016). "[A]n attorney violates Rule 11 in maintaining a claim that is unwarranted by existing law or has no reasonable basis in fact, and that applies to claims presented to the court 'whether by signing, filing submitting, or later advocating it.'" *Fabriko*

4

*Acquisition Corp. v. Prokos*, 536 F.3d 605, 610 (7th Cir. 2008) (quoting Fed. R. Civ. P. 11(b)). Where the court determines that Rule 11(b) has been violated, the court "may impose an appropriate sanction on an attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c); *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 957 (7th Cir. 2020).

**II.    The Court Should Order Sanctions.**

For the reasons set forth above, Plaintiff knows that the Proof of Service and Affidavit of Due Diligence were falsified, and yet Plaintiff's counsel refuses to withdraw these documents or the documents that rely on their false allegations of service. As set forth by Mr. Gillum, he did not prepare, sign, or submit the purported Proof of Service or Affidavit of Due Diligence submitted by Plaintiff's counsel with his purported signature. Further, the Opposition relies on these falsified documents to allege that W6LS was served with the summons and complaint of this lawsuit. Plaintiff's counsel failed to reasonably investigate the truthfulness of the statements submitted to the Court in the Proof of Service, First Declaration of Counsel, Affidavit of Due Diligence, or Opposition and is now refusing to withdraw these documents despite knowing that they are false or rely on falsified documents. The continued advocacy of the allegations of service that Plaintiff knows are baseless is necessarily for an improper purpose and without any evidentiary support. Therefore, Plaintiff's refusal to withdraw these filings is grounds for sanctions pursuant to Rule 11.

Accordingly, sanctions are appropriate pursuant to Rule 11(b). *See, e.g.*, *Upchurch v. O'Brien*, No. 19-cv-165-WMC, 2021 WL 3617098, at *7 (W.D. Wis. Aug. 16, 2021) ("Rule 11 authorizes a district court to impose sanctions on lawyers or parties (or both) for submissions that are filed for an improper purpose or without a reasonable investigation into the facts and law necessary to support their claims.") (quoting *Senese v. Chicago Area I.B. of T. Pension Fund*, 237

5

F.3d 819, 823 (7th Cir. 2001)); *Fabriko Acquisition Corp.*, 536 F.3d at 610 (affirming award of sanctions where plaintiff "continued to advocate a claim that had no legal basis and refused to alter or withdraw it when that deficiency was pointed out to it"); *see also Methode Electr., Inc. v. Adam Tech., Inc.*, 371 F.3d 923, 925-26 (7th Cir. 2004) (affirming court's use of inherent power to award sanctions where allegations lacked an evidentiary basis and were false).

WHEREFORE, W6LS requests that the Court enter an Order:

(a) Ordering Plaintiff to pay all of W6LS' reasonable attorneys' fees and other expenses incurred in (i) preparing its Rule 11 letter to Plaintiff's counsel and this Motion (and any reply) and (ii) preparing responses to the falsified Proof of Service and the allegations contained in Plaintiff's Opposition relying on those falsified documents; and

(b) Granting W6LS such other and further relief as is appropriate.

Dated: January 6, 2025.

Respectfully submitted,

By: /s/ *Paul Croker*
Paul Croker
Armstrong Teasdale LLP
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
Phone: 816-221-3420
Fax: 816-221-0786
pcroker@atllp.com

**Attorney for Specially-Appearing Defendants W6LS, Inc.**

6