IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHERYL SHOCKLEY,<br><br>　　　Plaintiff,<br><br>v.<br><br>ASCEND LOANS, LLC, ET AL.<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)　Case No. 3:24-cv-00424<br>)<br>)<br>)<br>)<br>) |
| EUGENE CRAIG,<br><br>　　　Plaintiff,<br><br>v.<br><br>AWL II, INC. ET AL.<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)　Case No. 3:24-cv-00493<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF COUNSEL IN SUPPORT OF
REASONABLE ATTORNEY'S FEES AND EXPENSES**

COMES NOW Paul M. Croker, of sound mind, lawful age and having been first duly sworn on his oath, states as follows:

1.　　I am over the age of 18 years and have personal knowledge of the facts to which I attest below.

2.　　I represent Defendant W6LS, Inc. ("W6LS") and Defendant AWL II, Inc. ("AWL") in the above-captioned cases.

3.　　I am familiar with the process and procedures and the systems and records by which Armstrong Teasdale LLP maintains an accounting database to track the time, costs, and expenses billed to each client matter and how itemized invoices are generated and submitted to its clients

1

for payment.

4.      W6LS and AWL retained Armstrong Teasdale LLP to represent it in this action, and pursuant to their agreements with the firm, they are obligated to pay attorneys' fees for the work provided by Armstrong Teasdale LLP.

5.      On January 12, 2026, the Court ordered W6LS and AWL to submit an accounting of their reasonable attorney fees and expenses it incurred in the above-captioned cases in (1) preparing their Rule 11 letters to Crandall, their Rule 11 motions and replies, their briefs in opposition to Crandall's motion to compel Saramosing to comply with his subpoenas, and the itemized bill of its reasonable attorney fees and expenses; and (2) preparing responses to the allegedly falsified proofs of service and supporting affidavit of due diligence, and the allegations contained in plaintiffs' filings relying on those falsified documents. *See* ECF No. 90.

6.      Attached hereto as Exhibit A is a compilation of true and accurate redacted copies of invoices to W6LS from Armstrong Teasdale LLP for services rendered in connection with *Shockley v. Ascend Loans, LLC, et al.* in (1) preparing its Rule 11 letters to Crandall, its Rule 11 motions and replies, its briefs in opposition to Crandall's motion to compel Saramosing to comply with his subpoenas, and the itemized bill of its reasonable attorney fees and expenses; and (2) preparing responses to the allegedly falsified proofs of service and supporting affidavit of due diligence, and the allegations contained in plaintiffs' filings relying on those falsified documents.

7.      Attached hereto as Exhibit B is a compilation of true and accurate redacted copies of invoices to W6LS from Armstrong Teasdale LLP for services rendered in connection with *Craig v. AWL II, Inc., et al.* in (1) preparing its Rule 11 letters to Crandall, its Rule 11 motions and replies, its briefs in opposition to Crandall's motion to compel Saramosing to comply with his subpoenas, and the itemized bill of its reasonable attorney fees and expenses; and (2) preparing responses to

the allegedly falsified proofs of service and supporting affidavit of due diligence, and the allegations contained in plaintiffs' filings relying on those falsified documents.

8.      Attached hereto as <u>Exhibit C</u> is a compilation of true and accurate redacted copies of invoices to AWL from Armstrong Teasdale LLP for services rendered in connection with *Craig v. AWL II, Inc., et al.* in (1) preparing its Rule 11 letters to Crandall, its Rule 11 motions and replies, its briefs in opposition to Crandall's motion to compel Saramosing to comply with his subpoenas, and the itemized bill of its reasonable attorney fees and expenses; and (2) preparing responses to the allegedly falsified proofs of service and supporting affidavit of due diligence, and the allegations contained in plaintiffs' filings relying on those falsified documents.

9.      I am a partner at Armstrong Teasdale and have approximately 21 years of experience litigating cases in various state and federal courts across the country, primarily consumer and commercial litigation matters. I provided legal services to W6LS regarding this matter at a rate between $445 and $500 per hour.

10.     Kevin Prewitt is a partner at Armstrong Teasdale and has approximately 13 years of experience litigating cases in various state and federal courts across the country. Mr. Prewitt provided legal services to W6LS regarding this matter at a rate between $445 and $500 per hour.

11.     Katherine Horn is an associate attorney at Armstrong Teasdale with approximately 2 years of experience who practices in a variety of civil litigation matters. Ms. Horn provided legal services to W6LS regarding this matter at a rate between $315 and $365 per hour.

12.     Lisa Shields is a paralegal with approximately 20 years of experience working on civil litigation matters. Ms. Shields provided legal services to W6LS regarding this matter at a rate between $275 and $300 per hour.

13.     The hourly rates charged by Armstrong Teasdale LLP attorneys who worked on the tasks related to this action range from $275 to $500. These rates are in line with the market rate

3

for the type of work performed and the amount of experience of the attorney who performed it. These rates take into consideration (i) the time and labor required, (ii) the novelty and difficulty of the questions involved, (iii) the skill required to perform the services properly, (iv) the fact that this work precluded other employment, (v) the amount customarily charged, (vi) the significance of the issues involved and the results obtained, (vii) the time limits imposed by the client and by the circumstances, (viii) the nature and length of the professional arrangement.

14.    I am personally familiar with and have reviewed the documents evidencing the billing records concerning Armstrong Teasdale's representation of W6LS and AWL in connection with this matter.

15.    On a monthly basis, Armstrong Teasdale delivers invoices for attorneys' fees and costs and expenses incurred relating to Armstrong Teasdale's representation of W6LS and AWL in connection with these actions. The requested attorney's fees were billed to W6LS and AWL, and W6LS and AWL paid the requested attorney's fees.

16.    Armstrong Teasdale professionals worked a total of 18.8 combined hours representing W6LS in *Shockley v. Ascend Loans, LLC, et al.*, Case No. 3:24-cv-00424, in preparing its Rule 11 letter to Crandall, its Rule 11 motion and reply, its brief in opposition to Crandall's motion to compel Saramosing to comply with his subpoenas, and the itemized bill of its reasonable attorney fees and expenses; and (2) preparing responses to the allegedly falsified proofs of service and supporting affidavit of due diligence, and the allegations contained in plaintiff's filings relying on those falsified documents. Those hours were billed from approximately August 27, 2024 through February 6, 2026.

17.    Armstrong Teasdale professionals worked a total of 20 combined hours representing W6LS in *Craig v. AWL II, LLC, et al.*, Case No. 3:24-CV-00493, in preparing its Rule 11 letter to Crandall, its Rule 11 motion and reply, its brief in opposition to Crandall's motion to

compel Saramosing to comply with his subpoenas, and the itemized bill of its reasonable attorney fees and expenses; and (2) preparing responses to the allegedly falsified proofs of service and supporting affidavit of due diligence, and the allegations contained in plaintiff's filings relying on those falsified documents. Those hours were billed from approximately September 27, 2024 through November 6, 2025.

18.    Armstrong Teasdale professionals worked a total of 9.2 combined hours representing AWL in *Craig v. AWL II, LLC, et al.*, Case No. 3:24-CV-00493, in preparing its Rule 11 letter to Crandall, its Rule 11 motion and reply, its brief in opposition to Crandall's motion to compel Saramosing to comply with his subpoenas, and the itemized bill of its reasonable attorney fees and expenses; and (2) preparing responses to the allegedly falsified proofs of service and supporting affidavit of due diligence, and the allegations contained in plaintiff's filings relying on those falsified documents. Those hours were billed from approximately September 25, 2024 through February 6, 2025.

19.    I have reviewed Armstrong Teasdale's invoices, and the amount and type of work, and the time spent on each task was necessary given the nature of this action.

20.    Armstrong Teasdale exercised billing judgment to avoid inclusion of excessive, redundant, or unnecessary hours, and the hours worked, and amounts billed, as memorialized in Exhibit A, reflect that billing judgment.

21.    The total amount of requested attorney's fees incurred by W6LS in *Shockley v. Ascend Loans, LLC, et al.* is $7,439.50, which are reasonable and necessary attorney's fees. The total amount of requested attorney's fees incurred by W6LS in *Craig v. AWL II, Inc., et al.* is $7,432.00, which are reasonable and necessary attorney's fees. The total amount of requested attorney's fees incurred by AWL in *Craig v. AWL II, Inc., et al.* is $3,932.00, which are reasonable and necessary attorney's fees, for the below-described reasons. As a result, W6LS, Inc. is

requesting a total award of $14,871.50 in attorney's fees and AWL II is requesting a total award of $3,932.00 in attorney's fees.

22.     On February 6, 2026, I conferred with Eric Crandall about the requested attorney's fees, and he opposes the requested attorney's fees.

23.     At the time I signed this Affidavit, counsel for the Plaintiffs in the above-referenced Craig and Shockley lawsuits has not withdrawn the court filings that are the subject of the Rule 11 Motions and the Court's Orders granting those Motions. *Craig*, Dkt. 9, 10, and 62; *Shockley*, Dkt. 23 and 83.

(The remainder of this page is intentionally left blank.)

FURTHER AFFIANT SAYETH NAUGHT.

_____
Paul M. Croker

STATE OF MISSOURI ⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀) SS.
COUNTY OF JACKSON ⠀⠀⠀⠀)

On this 9th day of February, 2026, before me, a Notary Public in and for said State, personally appeared Paul M. Croker, known to me to be the person who executed the above and foregoing Affidavit, and acknowledged to me that she executed the same for the purposes therein stated.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

_____
Notary Public

My Commission Expires:
03-25-2028

LISA SHIELDS
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES MARCH 25, 2028
CLAY COUNTY
COMMISSION #14597186

7