IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHERYL SHOCKLEY,

Plaintiff,

v.    OPINION and ORDER

ASCEND LOANS, LLC, BENHTI ECONOMIC    24-cv-424-jdp
DEVELOPMENT CORPORATION, and W6LS, INC.,

Defendants.

---

EUGENE CRAIG,

Plaintiff,

v.    OPINION and ORDER

AWL, II, INC., BENHTI ECONOMIC    24-cv-493-jdp
DEVELOPMENT CORPORATION, and W6LS, INC.,

Defendants.

---

Attorney Eric Crandall is counsel for the plaintiffs in these Fair Credit Reporting Act cases.[1] Counsel for defendants W6LS, Inc. and AWL, II, Inc. moved for sanctions in both cases, contending that Crandall failed to withdraw proofs of service after they were shown to be false. Dkt. 62. The court granted defendants' motions, concluding that Crandall violated Rule 11(b) of the Federal Rules of Civil Procedure because a reasonable attorney would have withdrawn the proofs of service. Dkt. 90, at 7. The court sanctioned Crandall by requiring him to pay the reasonable attorney fees and expenses defendants incurred in making the Rule 11 motions and

---

[1] All citations to the docket refer to the docket in *Shockley v. Ascend Loans, LLC, et al.*, No. 24-cv-424.

in responding to the fake proofs of service. *Id.* at 8. This order settles the amount of the sanctions award.

Defendants submitted billing records showing that counsel for W6LS spent 22.7 hours on the sanctioned issues in *Shockley*, corresponding to $7,319.50 in fees, and 20 hours in *Craig*, corresponding to $7,432.00 in fees, for a total of $14,751.50. Dkt. 95, ¶¶ 16–17, 21; Dkt. 98.[2] Counsel for AWL spent 9.2 hours representing it in *Craig*, corresponding to $3,932.00 in fees. Dkt. 95, ¶¶ 18, 21.

Crandall doesn't challenge the hours defendants' counsel worked on the sanctioned issues in *Shockley* and *Craig*. Nor does he challenge counsel's hourly rates, apart from the hourly rate of the paralegal who worked on *Shockley*. Instead, Crandall opposes the requested fees for four reasons, none of which are persuasive.

First, Crandall contends that defendants improperly seek fees for work performed by two attorneys that aren't members of the court's bar and didn't move to appear *pro hac vice*, Kevin Prewitt and Katherine Horn. Dkt. 101, at 2.[3] The Seventh Circuit hasn't addressed whether parties can recover fees for work performed by non-admitted attorneys; however, one district court in this circuit has held that a party may recover fees for a non-admitted attorney's work when that non-admitted attorney is supervised by attorneys licensed to practice in the court. *Moore v. Midland Credit Mgmt., Inc.*, No. 3:12-CV-166, 2012 WL 6217597, at *10 (N.D. Ind. Dec. 12, 2012). Other circuits have also held that parties can recover attorney fees even

---

[2] Defendants' affidavit states that counsel for W6LS spent 18.8 hours representing it in *Shockley* and requests $7,439.50 in fees for counsel's work in that case, Dkt. 95, ¶¶ 16, 21, but those figures are not supported by the billing records, Dkt. 98.

[3] Citations to filings from the docket use the page numbers assigned by CM/ECF, not the page numbers in the original document.

if the attorney performing the work isn't admitted to practice. *See Priestley v. Astrue*, 651 F.3d 410, 416 (4th Cir. 2011); *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 823–26 (9th Cir. 2009); *Dietrich Corp. v. King Res. Co.*, 596 F.2d 422, 426 (10th Cir. 1979). Crandall doesn't explain why the court should chart a different course, so the court will allow W6LS to seek fees for work performed by Prewitt and Horn.

Second, Crandall contends that W6LS improperly seeks fees for work performed by paralegal Lisa Shields. Dkt. 101, at 2. But it is appropriate in assessing a reasonable fee to consider paralegal time as well. *Richlin Sec'y Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (reasonable attorney fees under Equal Access to Justice Act includes paralegal time); *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) (reasonable attorney fees under 42 U.S.C. § 1988 includes paralegal time). Crandall also argues that Shields's rate, $300 per hour, is unreasonably high. *See* Dkt. 101, at 2. But he doesn't submit evidence demonstrating that her rate exceeds the market rate for paralegal work, which is "essentially a concession that the [paralegal's] billing rate is reasonable and should be awarded." *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1313 (7th Cir. 1996); *see also Bruzek v. Husky Oil Operations Ltd.*, No. 18-cv-697-wmc, 2023 WL 3002683, at *4 (W.D. Wis. Apr. 19, 2023) (hourly rate of $200 to $315 for paralegals supported as market rate).

Third, Crandall contends that defendants missed the court's deadline to submit an accounting of their reasonable attorney fees and expenses. Dkt. 101, at 3. Defendants filed their affidavit and the exhibits accompanying that affidavit by the deadline. Dkt. 95 and Dkt. 96. Crandall argues that the exhibits are untimely because the clerk's office asked defendants to refile the exhibits to comply with the court's Electronic Filing Procedure, and defendants refiled the exhibits after the court's deadline. Dkt. 98. But the Seventh Circuit

rejected the argument Crandall makes here in *Farley v. Koepp*, 788 F.3d 681 (7th Cir. 2015), holding that a document is "filed on the date it is delivered to the clerk, regardless of defects in form (including electronic defects)." *Farley*, 788 F.3d at 686; *see* Fed. Rs. Civ. P. 5(d)(4), 83(a)(2). Defendants met the deadline.

Fourth, Crandall contends that "the amount sought [by defendants] seeks to cripple [his] law Practice." Dkt. 101, at 4. The court may consider an attorney's ability to pay when imposing Rule 11 sanctions, notwithstanding the reasonableness of the decision to award sanctions or the reasonableness of the fees sought. *See Brandt v. Schal Assocs., Inc.*, 960 F.2d 640, 652 (7th Cir. 1992); *In re Sokolik*, 635 F.3d 261, 271 (7th Cir. 2011). But Crandall hasn't provided any evidence substantiating his assertion that awarding sanctions would subject him to financial ruin, so the court can't evaluate his ability to pay.

The court will order attorney Eric Crandall to pay $14,751.50 to W6LS and $3,932.00 to AWL as a sanction for failing to withdraw the false proofs of service.

ORDER

1.  Attorney Eric Crandall is ordered to pay $7,319.50 to defendant W6LS, Inc. for counsel's work in *Shockley v. Ascend Loans, LLC, et al.*, No. 24-cv-424, and $7,432.00 to W6LS for counsel's work in *Craig v. AWL, II, Inc., et al.*, No. 24-cv-493, for a total of $14,751.50 as a sanction for failing to withdraw the false proofs of service.

2.  Attorney Eric Crandall is ordered to pay $3,932.00 to defendant AWL, II, Inc. for counsel's work in *Craig v. AWL, II, Inc., et al.*, No. 24-cv-493 as a sanction for failing to withdraw the false proofs of service.

Entered March 24, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge